J-S07028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN COASTON | : | |
| | : | |
| Appellant | : | No. 1681 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014774-2012

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED: April 7, 2021**

John Coaston ("Appellant") appeals from the November 13, 2019 Order that denied his second Petition for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Relevant to this appeal, a jury convicted Appellant of Second-Degree Murder, Conspiracy to Commit Robbery, and Robbery stemming from a December 2008 incident where Appellant shot and robbed Justin Fowler ("Victim"), causing Victim to be instantly paralyzed and, 3 years later, to die as a result of his injuries. On April 3, 2014, after considering a Motion for Reconsideration, the trial court vacated its original sentence and resentenced Appellant to an aggregate term of 51 to 119 years' incarceration.

Appellant timely appealed and, on December 14, 2015, this Court affirmed Appellant's Judgment of Sentence. Appellant filed a Petition for Allowance of Appeal, which our Supreme Court denied on July 6, 2016. **See Commonwealth v. Coaston**, 135 A.3d 658 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 141 A.3d 478 (Pa. 2016).

On April 5, 2018, Akeem Hutchinson—an inmate at SCI-Forest who only had nine more months to serve on his own prison sentence—allegedly composed an "Affidavit of Truth" admitting to the October 2008 crime against Victim, stating that Appellant was innocent, and stating that he told Appellant this information sometime after March 20, 2018, when he was transferred to the same prison as Appellant. **See** Exhibit 1, Affidavit of Truth, filed 4/17/18. The Affidavit explained that Hutchinson met Appellant in a Bible study group, heard Appellant explain that he was innocent of the crimes he was convicted of, and felt compelled to confess to the crime. **Id**. The court received the Affidavit via mail and docketed the Affidavit on April 18, 2018.

On May 22, 2018, Appellant filed a *pro se* PCRA Petition, his second, and the trial court appointed counsel. On January 15, 2019, Appellant filed a counseled Amended PCRA Petition acknowledging that his Petition was untimely under the PCRA, but averring that Hutchinson's Affidavit fell under the newly-discovered facts exception to the PCRA's timeliness requirements

pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).[1]   Appellant further asserted that Hutchinson's Affidavit constituted after-discovered exculpatory evidence that would have changed the outcome of the trial if it had been introduced.

On April 10, 2019, the PCRA court held a hearing on Appellant's Petition. Hutchinson was present with court-appointed counsel and requested a continuance to confer with his lawyer and family, stating: "Look, I am not being threatened to do this, nothing like that.  I'm guilty of this crime.  But I need some time."  N.T. 4/10/19, at 5.  The court granted a continuance.

On June 27, 2019, the PCRA court held a second hearing on Appellant's Petition.  Hutchinson refused to leave the holding cell area in the basement of the courthouse and the court proceeded to conduct a hearing there. Hutchinson denied having any conversations with Appellant while the two were incarcerated together at SCI-Forest, denied that he ever took responsibility for the crime in question, and refused to answer questions about the Affidavit, asserting his Fifth Amendment privilege against self-incrimination.  *See* N.T. 6/29/19, at 10-13.  Appellant testified that he met Hutchinson at SCI-Forest,

---

[1] Neither the PCRA court nor the Commonwealth dispute that the claims in Appellant's PCRA Petition meet the newly-discovered facts exception to the PCRA time-bar.  *See* 42 Pa.C.S. § 9545(b)(1)(ii).  Upon review, Appellant pleaded and proved "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence" as required to overcome the time-bar.  *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (citation, quotation marks, and emphasis omitted). Accordingly, we have jurisdiction to review the merits of Appellant's claims.  *Id*.

where Hutchinson told Appellant that he knew Appellant was innocent and that he was going to try to get Appellant home to his family. *Id.* at 16-17. Appellant stated he never threatened Hutchinson and testified that Hutchinson gave him a copy of the affidavit a few days later, right before Appellant was transferred to another prison. *Id.* at 18.

After reviewing Appellant's Post Hearing Brief and the Commonwealth's Answer, the PCRA court denied Appellant's PCRA Petition on November 13, 2019.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In its Rule 1925(a) Opinion, the PCRA court made findings that an eyewitness positively identified Appellant as the perpetrator of the crime at trial, and that Hutchinson, and his averments to the contrary, were not credible. PCRA Ct. Op., filed 11/16/20, at 4-5.

Appellant raises the following issue for our review:

> Did the trial court err in denying Appellant's PCRA Petition and in not awarding Appellant a new trial based upon newly[-]discovered, exculpatory evidence since Hutchinson admitted that he committed the instant robbery and shooting of Victim [] on 10/1/08, which resulted in the Victim's death around 12/28/11, and that Appellant had no role in the crimes and was never present or aware of the crimes.

Appellant's Br. at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of

- 4 -

legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. ***Id.*** at § 9543(a)(3).

Relevant here, the PCRA provides relief for a petitioner who demonstrates his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). To establish a claim of after-discovered evidence, a petitioner must prove that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. Sepulveda***, 144 A.3d 1270, 1276 n.14

(Pa. 2016) (citation omitted). The four-part test is conjunctive and if one prong is not satisfied, there is no need to analyze the remaining prongs. *Commonwealth v. Pagan*, 950 A.2d 270, 293 (Pa. 2008). Moreover, "the proposed new evidence must be producible and admissible." *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014) (citation and quotation marks omitted).

Notably, when evaluating the fourth prong, our Supreme Court has instructed, "the question is whether the nature and quality of the evidence is such that there is a reasonable probability that the jury would have credited it and rendered a more favorable verdict." *Commonwealth v. Johnson*, 966 A.2d 523, 542 (Pa. 2009). The PCRA court's assessment "must include a recognition of the impeachability of the witnesses, and not merely a viewing of their testimony in a most favorable light." *Id.* Some witnesses may be subject to strong impeachment or display a demeanor that convinces the court that no reasonable jury would believe them. *Id.* "On the other hand, some witnesses may conduct themselves, or be of such repute, that the PCRA judge has substantial confidence that a jury would credit them." *Id.*

Appellant avers that the PCRA court erred in denying his request for a new trial based on after-discovered and exculpatory evidence. Appellant's Br. at 11. Appellant contends that the court erred in its credibility determination regarding Hutchinson, and argues that the fact that Hutchinson only had nine months remaining on his prison sentence when he composed the Affidavit "ascribes a high degree of credibility and trustworthiness to his 2018 and 2019

- 6 -

confessions and admissions as the killer of [Victim]." *Id.* at 15. Appellant further asserts that Hutchinson confessed to the crime in the Affidavit, and again during the first scheduled PCRA hearing, and argues that Hutchinson only ceased his cooperation in the exoneration of Appellant after he was afforded court-appointed counsel. *Id.* at 16-17. Appellant argues that the PCRA court should have granted Appellant a new trial so that Appellant could present the Affidavit and the transcript from the first PCRA hearing to a jury and let the jury determine Hutchinson's credibility. *Id.* at 17.

While Appellant asserts that Hutchinson's approaching prison release date made him highly credible, the PCRA court disagreed. The PCRA court opined:

> Hutchinson was serving a sentence of 3 ½ to 7 years . . . and was scheduled to finish that sentence in 2020. It struck the PCRA court as highly unusual that he would be willing to come forward on his own volition, and subject himself to being convicted of an offense that carried a mandatory life sentence without the possibility of parole. Being incarcerated at the same institution as [Appellant], also[]called into question the voluntariness of Hutchinson['s] statements.

PCRA Ct. Op., filed 11/16/20, at 4.

In addition, the PCRA court emphasized that an eyewitness identified Appellant as the perpetrator of the crime at trial, and that Hutchinson's statements to the contrary were not credible:

> [Appellant] was positively identified by an eyewitness as being the person who shot [V]ictim at trial. [] Hutchinson was not credible. He denied speaking with [Appellant] at SCI-Forest. He refused to answer questions about writing an affidavit on behalf of [Appellant]. Hutchinson also denied ever taking responsibility for

[Appellant]'s crimes. Hutchinson's averments, the alleged admissions to [Appellant] and the contents of his "[A]ffidavit of [T]ruth" are not credible. For these reasons, the Order of the PCRA Court denying relief should be affirmed.

*Id*. at 4-5. We agree.

Contrary to Appellant's argument that a new jury should determine the credibility of new evidence at a new trial, it is the PCRA court's responsibility to determine witness credibility. "Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone." *Johnson*, 966 A.2d at 539. Here, the PCRA court found that Hutchinson, his Affidavit, and his testimony were not credible. We decline to usurp the PCRA court's credibility determinations or reweigh the evidence.

Moreover, the record supports the PCRA court's findings and we discern no legal error in its Order. Because the PCRA court found the evidence lacking in credibility, there is not a reasonable probability that a jury would have credited it and rendered a more favorable verdict. Appellant, thus, fails to meet the fourth prong of the after-discovered evidence test. Accordingly, we conclude the PCRA court properly exercised its discretion in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2021